```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KYRRON PARKS, a Minor, by and      :    CIVIL ACTION
Through His Parents and            :
Guardians, DARNELL BROWN and       :
HELEN BROWN, and in Their Own      :
Right                              :
                                   :
           v.                      :
                                   :
INGERSOLL-RAND COMPANY, d/b/a      :
STEELCRAFT; AADG, INC. d/b/a       :
CECO DOOR PRODUCTS; PIONEER        :
INDUSTRIES, INC.; and AMWELD       :
BUILDING PRODUCTS                  :    NO. 06-cv-03819-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                September 22, 2008

When minor plaintiff was 14 years of age, he and his parents spent some vacation time at a Howard Johnson motel in Connecticut.  When he and his brother were proceeding from the swimming pool to their room, they encountered a metal door which had a section of glass in the upper part.  Either to prevent the door from closing in his face, or to push it open after it had closed, plaintiff unfortunately ran his arm through the glass portion of the door, and sustained serious cuts and other injuries.  Instead of suing the motel, plaintiffs and their counsel chose to pursue a product-liability claim and related claims against the manufacturer of the door in question, on the theory that it was defectively designed, not accompanied by adequate warnings, etc., etc.

Plaintiffs' counsel proceeded to Connecticut and conducted what he describes as a thorough investigation, and satisfied himself that the accused door was manufactured by one of five possible firms, and he therefore filed suit against all five of these firms in this Court.

At least one of the firms originally sued is no longer in existence and has been dismissed from the case.  It is not clear that all of the firms have been properly served.  At any rate, only two of the defendant firms have responded to the complaint, and have now filed motions for summary judgment, on the theory that plaintiffs have no evidence which would support a jury finding that any of the named defendants actually manufactured the door which injured minor plaintiff.

It is undisputed that minor plaintiff was injured on or about August 28, 2003.  A few months later, the motel in question was sold, and has since been torn down by the new owners.  The allegedly defective door was apparently discarded; at any rate, it has not been found and cannot be located.  All that plaintiffs' counsel has been able to produce is a black and white photograph, allegedly of the door in question.  It is undisputed that this photograph does not suffice to shed any significant clues as to the identity of the actual manufacturer.

In opposing summary judgment, plaintiffs' counsel contends that the case should be governed by the law of the State

of Connecticut, and that, under Connecticut law, evidence that a named defendant was one of several defendants manufacturing similar products, suffices to enable the jury to hold that defendant liable.  For the latter proposition, plaintiffs' counsel cites cases which are readily distinguishable: plaintiffs suffering injuries from inhalation of asbestos fibers can recover by showing that the plaintiff was exposed to asbestos products manufactured by that defendant, even though other asbestos manufacturers may have also produced products to which plaintiff was exposed.  In the present case, however, plaintiff is unable to show that any of the defendants was the actual manufacturer of the allegedly defective which caused minor plaintiff's injuries.

At oral argument, plaintiffs' counsel requested that, if the Court were inclined to grant the summary judgment motions, he be afforded a further period of time in which to attempt to develop the required evidence of manufacture.  The defendants understandably objected to that request, noting (1) the accident occurred more than five years ago; (2) plaintiff has had ample time to attempt to establish the identity of the manufacturer of the offending door; (3) discovery was completed many months ago; and (4) plaintiffs have already been granted an extension of time to respond to the summary judgment motions, which were filed in

July 2008.  A trial date of October 27, 2008 was established last April.

Notwithstanding the defense objections, I would be inclined to grant plaintiffs additional time if there were any realistic likelihood that additional information could be developed at this late juncture.  That seems decidedly unlikely, and I do not believe it would be appropriate to encourage the further expenditure of time and resources in that effort.  I note also that the record is singularly devoid of any evidence which would support a finding that the door itself was defective. Perhaps a different type of door should have been installed at that particular location, but the manufacturer of the door cannot be held liable for that kind of error.  There is nothing to suggest that the manufacturer of the door encouraged anyone to suppose that the (obvious) glass portion of the door could withstand the type of pressure minor plaintiff exerted upon it.

In short, the motions for summary judgment must be granted.  An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYRRON PARKS, a Minor, by and Through His Parents and Guardians, DARNELL BROWN and HELEN BROWN, and in Their Own Right | : : : : : : | CIVIL ACTION |
| v. | : : | |
| INGERSOLL-RAND COMPANY, d/b/a STEELCRAFT; AADG, INC. d/b/a CECO DOOR PRODUCTS; PIONEER INDUSTRIES, INC.; and AMWELD BUILDING PRODUCTS | : : : : : | NO. 06-cv-03819-JF |

<u>ORDER</u>

AND NOW, this 22nd day of September 2008, upon consideration of the motions for summary judgment filed by the defendants AADG, Inc. d/b/a Ceco Door Products, and Amweld Building Products, LLC, and plaintiffs' responses, IT IS ORDERED:

1. That the motions are GRANTED.

2. As to the moving defendants, this action is DISMISSED with prejudice.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.